IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JANET PORTER; KERRY PAXON as next friend )
of K____ P_____; CHRISTOPHER PORTER; )
ERIC PORTER; and LEE GOLDSTEIN, )
Administrator of the ESTATE OF ROBERT )
GLENN PORTER, )
                                            )
                Plaintiffs,                 )
                                            )   Civil Action No. 07 172
                                            )
                                            )   JURY TRIAL DEMANDED
STANLEY TAYLOR; FIRST CORRECTIONAL )
MEDICAL CENTER; CERTAIN UNKNOWN )
INDIVIDUAL EMPLOYEES OF THE STATE OF )
DELAWARE DEPARTMENT OF )
CORRECTION; RAPHAEL WILLIAMS; )
CERTAIN UNKNOWN INDIVIDUAL )
EMPLOYEES OF FIRST CORRECTIONAL )
MEDICAL CTR.; and STATE OF DELAWARE )
DEPARTMENT OF CORRECTION, )
                                            )
                Defendants.                 )

## COMPLAINT

### Parties

1.   Plaintiff Janet Porter is a resident of New Castle County, Delaware and is the mother of decedent Robert Glenn Porter.

2.   Decedent Robert Glenn Porter was an inmate held by the State of Delaware Department of Correction, who was found unconscious in his cell at the Howard R. Young Correctional Institution (also known as Gander Hill Prison, and hereinafter referred to as "HRYCI") in Wilmington, Delaware after having attempted to hang himself on March 24, 2005, and who died of the injuries suffered in the hanging within one month thereafter.

3. Plaintiff Kerry Paxon is the mother and next friend of K. P. (date of birth 1997), who is the surviving son of the decedent Robert Glenn Porter.

4. Plaintiff Lee Goldstein as Administrator of the Estate of Robert Glenn Porter has been appointed administrator of the estate of decedent Robert Glenn Porter by the New Castle County Register of Wills.

5. Plaintiff Christopher Porter (date of birth September 13, 1985) is the son of decedent Robert Glenn Porter.

6. Plaintiff Eric Porter (date of birth June 17, 1980) is the son of decedent Robert Glenn Porter.

7. Defendant Stanley Taylor was the Commissioner of Correction for the State of Delaware at the time that decedent Porter hung himself, and in that capacity was the Chief Officer of the Department of Correction (the department will hereinafter sometimes be referred to as the "DOC").

8. Defendant Raphael Williams is and was at all times relevant hereto the Warden of the HRYCI.

9. Defendants, unknown individual employees of the DOC, were, on information and belief, involved in the care and custody of Robert Glenn Porter, either directly or indirectly by virtue of their obligations to properly administer such care and custody, at relevant times hereto.

10. Defendant, State of Delaware Department of Correction, is a subdivision of the State of Delaware.

11. Defendant, First Correctional Medical Center (hereinafter sometimes referred to as "FCM"), is, on information and belief, a corporation that was responsible, at all times relevant

hereto, for the performance of medical services within HRYCI pursuant to a contract with the State of Delaware.

12. Defendants, unknown individual employees of FCM, were, on information and belief, involved in the care and custody of Robert Glenn Porter, either directly or indirectly by virtue of their obligations to properly administer such care and custody, at relevant times hereto.

### Jurisdiction

13. The United States District Court for the District of Delaware has jurisdiction over the parties and the claims by virtue of the pendency of a federal claim under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343, and under the principles of ancillary and pendent jurisdiction as well as the supplemental jurisdiction provisions of 28 U.S.C. § 1367.

### Facts

14. Decedent inmate Robert Glenn Porter had been acting erratically prior to the time he was found hanging in his cell at HRYCI on or about March 24, 2005, which erratic behavior and apparent impaired mental state had been reported to court personnel and, on information and belief, to Department of Correction personnel and on information and belief to personnel of FCM.

15. The erratic behavior of decedent inmate Robert Glenn Porter described in the previous paragraph was of a character such that personnel of the Department of Correction having authority over his incarceration or control of his person, and each and every defendant, knew or should have known that said decedent Robert Glenn Porter was a risk for suicide.

16. Upon information and belief, despite adequate forewarning that decedent Robert Glenn Porter was at risk for suicide, and despite corresponding obligations to take adequate and necessary measures to prevent such a suicide, each and every defendant failed to take adequate

and necessary steps to place Robert Glenn Porter on a suicide watch or otherwise engage in satisfactory and necessary prophylactic measures sufficient to prevent him from hanging himself in his cell at HRYCI on or about March 24, 2005.

17. Upon information and belief, Robert Glenn Porter was not placed under constant supervision at HRYCI nor was his status checked at regularly-scheduled intervals sufficient to prevent his suicide.

18. Upon information and belief, defendants either made provision to Robert Glenn Porter, or authorized the provision to Robert Glenn Porter, or failed to prevent the provision to Robert Glenn Porter, of bedding (such as bed sheets and linens) and/or other items that could be used by a suicidal inmate to harm himself.

19. Upon information and belief, on March 24, 2005, Robert Glenn Porter was found unconscious in his cell by prison officials, who determined that he had hung himself with materials available in his cell.

20. Robert Glenn Porter was thereafter transferred to St. Francis Hospital.

21. Robert Glenn Porter died approximately three weeks thereafter, on April 13, 2005.

## COUNT I

### Violation of Civil Rights under Color of State Law, 42 U.S.C. § 1983 – Cruel and Unusual Punishment (Lee Goldstein as administrator against all individual defendants and FCM)

22. Paragraphs 1 to 20 are restated as if more fully set forth herein.

23. The vulnerability of Robert Glenn Porter to suicide constituted a serious medical need of which defendants knew or should have known, and the actions and/or inactions of

defendants, under color of state law, in addressing or failing to address that need, constituted deliberate indifference which could be expected to lead to substantial and unnecessary suffering, injury, and/or death, and which did in fact lead to the death of Robert Glenn Porter.

24. As a result of the wrongful actions of the defendants, Robert Glenn Porter suffered attendant physical injuries, mental anguish, pain and suffering, and death, and was deprived of his right to life and his right to be free from cruel and unusual punishment, for which plaintiff Lee Goldstein as administrator now seeks compensation.

## COUNT II

### Violation of Civil Rights under Color of State Law, 42 U.S.C. § 1983 – Failure to train and/or maintenance of wrongful customs, practices and polices (by Lee Goldstein as administrator against FCM as a person and as a state actor, and against the individual FCM defendants)

25. Paragraphs 1-24 are restated as if more fully set forth herein.

26. In performing its medical services for the DOC, FCM and the individual FCM defendants were state actors performing state functions under color of state law.

27. The death of Robert Glenn Porter was the direct result of the customs, practices, policies and procedures of FCM and the individual FCM defendants, including but not limited to: a failure to properly train and supervise FCM personnel so as to properly recognize suicidal inmates and how to properly care for inmates identified as making previous attempts on their life, and/or a failure to institute appropriate procedures for the timely transmission of important medical information to appropriate personnel.

28. The aforesaid actions of FCM and the individual FCM defendants amounts to deliberate indifference to the rights of inmates, including the rights of Robert Glenn Porter.

29. As a result of the wrongful actions of the defendants, Robert Glenn Porter suffered attendant physical injuries, mental anguish, pain and suffering, and death, and was deprived of his right to life and his right to be free from cruel and unusual punishment, for which plaintiff Lee Goldstein as administrator now seeks compensation.

## COUNT III

### Violation of Civil Rights under Color of State Law, 42 U.S.C. § 1983 – Failure to train and/or maintenance of wrongful customs, practices and polices (by Lee Goldstein as Administrator against the State of Delaware Department of Correction and the individual defendant employees of the DOC)

30. Paragraphs 1 to 29 are restated as if more fully set forth herein.

31. The death of Robert Glenn Porter was the direct result of the customs, practices, policies and procedures of defendant Stanley Taylor, defendant Raphael Williams, the individual DOC defendants, and the defendant State of Delaware Department of Correction, including but not limited to: a failure to properly train and supervise DOC personnel so as to properly recognize suicidal inmates and how to properly care for such inmates, and/or a failure to institute appropriate procedures for the timely transmission of important medical information to appropriate personnel, and/or a failure to properly respond to the threat of Robert Glenn Porter's suicide risk.

32. The aforesaid actions of defendants constitute deliberate indifference to the rights of inmates who come into contact with employees of the DOC and FCM, including the rights of Robert Glenn Porter.

33. As a direct and proximate result of the actions of the Defendants, Robert Glenn Porter suffered attendant physical injuries, mental anguish, pain and suffering, and death, and

was deprived of his right to life and his right to be free from cruel and unusual punishment, for which plaintiff Lee Goldstein as administrator now seeks compensation.

## COUNT IV

### Wrongful Death under 10 Del. C. § 3724 (by Janet Porter, Eric Porter, Christopher Porter, and Kerry Paxon as next friend of K.  P. Against all defendants)

34. Paragraphs 1-33 are restated as if more fully set forth herein.

35. The aforesaid wrongful actions of the defendants caused the wrongful death of Robert Glenn Porter.

36. Plaintiffs are authorized to recover for the damages they have suffered as a result of the wrongful death of Robert Glenn Porter pursuant to the terms of 10 Del. C. § 3724, and they have suffered severe damages as identified thereunder, including but not limited to the loss of companionship and support of their son and/or father, Robert Glenn Porter, with attendant and severe emotional anguish.

## COUNT V

### Survival action under 10 Del. C. § 3701 for medical malpractice (by Lee Goldstein and Administrator against FCM and the individual FCM defendants)

37. Paragraphs 1-36 are restated as if more fully set forth herein.

38. The aforesaid actions of the defendants constituted medical malpractice, causing great pain and suffering, physical injury, and death to Robert Glenn Porter.

39. Plaintiff Lee Goldstein is authorized to recover for the damages suffered by Robert Glenn Porter as a result of the medical malpractice of the defendants, pursuant to 10 Del. C. § 3701.

WHEREFORE, plaintiffs demand that judgment be entered in their favor against defendants on the above claims, including awards of compensatory damages, punitive damages, costs of suit, interest, attorneys' fees under 42 U.S.C. § 1988 and any other appropriate or relevant statutory or common law basis, and such other and further relief as this Court may deem appropriate.

THE PLAINTIFFS

By: _____
Herbert G. Feuerhake, Esq. (#2590)
The Law Office of H. G. Feuerhake
521 West Street
Wilmington, Delaware 19801
(302) 658-6101
herblaw@verizonmail.com


s\ _____ (by HGF)
Jeffrey K. Martin, Esquire (#2407)
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680
jmartin@margolisedelstein.com
Attorneys for Plaintiff

DATE: March 23, 2007

`07-172`

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Janet Porter, Lee Goldstein, Administrator
Eric Porter
Christopher Porter  k  p  next friend

### DEFENDANTS
Stanley Taylor
Raphael Williams
FCM   Unknown Individuals

(b) County of Residence of First Listed Plaintiff: **New Castle County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Herbert G. Feuerhelm  658-6101
Jeffrey K. Martin  777-4680

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**42 U.S.C. §1983**
Brief description of cause: 8th Amendment prisoner suicide

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Money Damages
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE: 3/23/2007
SIGNATURE OF ATTORNEY OF RECORD: Herbert G. Feuerhelm

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. \_\_\_07-172\_\_\_

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A
## UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF \_\_5\_\_ COPIES OF AO FORM 85.

\_\_3/23/07\_\_  \_\_[signature]\_\_
(Date forms issued)   (Signature of Party or their Representative)

\_\_Herbert G. Feuerhake\_\_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action