IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANET PORTER, KERRY PAXON, )<br>as next friend of KP, CHRISTOPHER )<br>PORTER, ERIC PORTER, and )<br>LEE GOLDSTEIN, Administrator of the )<br>ESTATE OF ROBERT GLENN PORTER, )<br>)<br>        Plaintiff, )<br>) <br>    v. )<br>)<br>STANLEY TAYLOR, FIRST, )<br>CORRECTIONAL MEDICAL, )<br>CERTAIN UNKNOWN INDIVIDUAL )<br>EMPLOYEES OF THE STATE OF )<br>DELAWARE DEPARTMENT OF )<br>CORRECTION, RAPHAEL WILLIAMS, )<br>CERTAIN UNKNOWN INDIVIDUAL )<br>EMPLOYEES OF FIRST )<br>CORRECTIONAL MEDICAL CTR., and )<br>STATE OF DELAWARE DEPARTMENT )<br>OF CORRECTION, )<br>)<br>        Defendants. ) | C.A. No. 07-172-SLR<br><br>Jury Trial Requested |

**STATE DEFENDANTS STANLEY TAYLOR,**
**RAPHAEL WILLIAMS AND STATE OF DELAWARE DEPARTMENT**
**OF CORRECTION'S ANSWER TO THE COMPLAINT [RE: D.I. 1]**

COMES NOW, State Defendants Stanley Taylor, Raphael Williams and the State of Delaware Department of Correction (the "State Defendants") by and through their undersigned counsel, and hereby respond to the numbered paragraphs of Plaintiffs' Complaint, filed March 23, 2007 (D.I. 1), as follows:

**Parties**

1.  State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 1 of the Complaint

and, therefore, deny same.

2. State Defendants admit that Decedent Robert Glenn Porter ("Decedent") was an inmate incarcerated at the Howard R. Young Correctional Institution ("HRYCI") on March 24, 2005. State Defendants also admit that on March 24, 2005, Decedent was found in his cell after having attempted to hang himself. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 2 of the Complaint not specifically admitted herein and, therefore, deny same.

3. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 3 of the Complaint and, therefore, deny same.

4. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 4 of the Complaint and, therefore, deny same.

5. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 5 of the Complaint and, therefore, deny same.

6. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 6 of the Complaint and, therefore, deny same.

7. State Defendants admit that on March 24, 2005, Defendant Stanley Taylor was the Commissioner of Correction for the State of Delaware. State Defendants deny each and every allegation of paragraph 7 of the Complaint not specifically admitted

herein.

       8.    The allegations of paragraph 8 of the Complaint are admitted.

       9.    This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 9 of the Complaint and, therefore, deny same.

      10.    State Defendants admit that the State of Delaware Department of Correction is an agency of the State of Delaware. State Defendants deny each and every allegation of paragraph 10 of the Complaint not specifically admitted herein.

      11.    State Defendants admit that First Correctional Medical ("FCM") was responsible for the provision and performance of all medical services to inmates, including Decedent, at HRYCI on March 24, 2005 pursuant to a contract with the State of Delaware. State Defendants deny each and every allegation of paragraph 11 of the Complaint not specifically admitted herein.

      12.    This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 12 of the Complaint and, therefore, deny same.

## **Jurisdiction**

      13.    The allegations of paragraph 13 of the Complaint state legal conclusions to which no response is required.

**Facts**

14. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 14 of the Complaint and, therefore, deny same. By way of further response State Defendants specifically deny any wrongdoing.

15. The allegations of paragraph 15 of the Complaint are denied.

16. The allegations of paragraph 16 of the Complaint are denied.

17. The allegations of paragraph 17 of the Complaint are denied.

18. The allegations of paragraph 18 of the Complaint are denied.

19. State Defendants admit that Decedent attempted to hang himself in his cell on March 24, 2005. State Defendants deny each and every allegation of paragraph 19 of the Complaint not specifically admitted herein.

20. The allegations of paragraph 20 of the Complaint are admitted.

21. The allegations of paragraph 21 of the Complaint are admitted.

### COUNT I

**Violation of Civil Rights under Color of State Law,
42 U.S.C. § 1983 – Cruel and Unusual Punishment
(Lee Goldstein as administrator against all individual defendants and FCM)**

22. State Defendants hereby incorporate by reference the responses in paragraphs 1 through 21 as if fully set forth herein.

23. The allegations of paragraph 23 of the Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny any wrongdoing.

24. The allegations of paragraph 24 of the Complaint state legal

conclusions to which no response is required.  To the extent a response is required State Defendants specifically deny that they violated Decedent's constitutional rights.

## COUNT II

### Violation of Civil Rights under Color of State Law, 42 U.S.C. § 1983 – Failure to train and/or maintenance of wrongful customs, practices and policies (by Lee Goldstein as administrator against <u>FCM as a person and as a state actor, and against the individual FCM defendants</u>)

25. State Defendants hereby incorporate by reference the responses in paragraphs 1 through 24 as if fully set forth herein.

26. This paragraph is directed to another party.  As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 26 of the Complaint and, therefore, deny same.  By way of further response State Defendants specifically deny any wrongdoing.

27. This paragraph is directed to another party.  As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 27 of the Complaint and, therefore, deny same.  By way of further response State Defendants specifically deny any wrongdoing.

28. This paragraph is directed to another party.  As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 28 of the Complaint and, therefore, deny same.  By way of further response State Defendants specifically deny that they violated Decedent's constitutional rights.

29. The allegations of paragraph 29 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required State Defendants specifically deny that they violated Decedent's constitutional rights.

## COUNT III

**Violation of Civil Rights under Color of State Law, 42 U.S.C. § 1983 –
Failure to train and/or maintenance of wrongful customs, practices and
policies (by Lee Goldstein as Administrator against the State of Delaware
<u>Department of Correction and the individual defendant employees of the DOC</u>)**

30. State Defendants hereby incorporate by reference the responses in paragraphs 1 through 29 as if fully set forth herein.

31. The allegations of paragraph 31 of the Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny any wrongdoing.

32. The allegations of paragraph 32 of the Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny that they violated Decedent's constitutional rights.

33. The allegations of paragraph 33 of the Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny that they violated Decedent's constitutional rights.

## COUNT IV

**Wrongful Death under 10 Del. C. § 3724
(by Janet Porter, Eric Porter, Christopher Porter, and
<u>Kerry Paxon as next friend of Kyle Porter, against all defendants</u>)**

34. State Defendants hereby incorporate by reference the responses in paragraphs 1 through 33 as if fully set forth herein.

35. The allegations of paragraph 35 of the Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny any wrongdoing.

36. State Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraph 36 of the Complaint that Plaintiffs are authorized to recover for damages. The remaining allegations of paragraph 36 state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny any wrongdoing.

## COUNT V

### Survival action under 10 Del. C. § 3701 for medical malpractice (by Lee Goldstein as Administrator against FCM and the individual FCM defendants)

37. State Defendants hereby incorporate by reference the responses in paragraphs 1 through 36 as if fully set forth herein.

38. This paragraph is directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 38 of the Complaint and, therefore, deny same. By way of further response State Defendants specifically deny that they breached any duty owed to the Decedent.

39. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint that Plaintiff Lee Goldstein is authorized to recover for damages. The remaining allegations are directed to another party. As such, State Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 39 of the Complaint and, therefore, deny same. By way of further response State Defendants specifically deny that they breached any duty owed to the Decedent.

**RELIEF**

State Defendants specifically deny that Plaintiffs are entitled to any relief or damages, including compensatory damages, punitive damages, costs, interest and/or attorneys' fees.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. The Complaint fails to state claims upon which relief may be granted.

2. The action and all claims are barred by Eleventh Amendment immunity.

3. As to any claims against the State or against State Defendants in their official capacities, State Defendants and the State are protected from liability by the doctrine of sovereign immunity.

4. Officials and employees of the State of Delaware acting in good faith within the scope of their employment and without knowingly violating well established federal rights, are entitled to qualified immunity and cannot be held liable in this action.

5. State Defendants, in their official capacities, are not liable for alleged violations of Decedent's and/or Plaintiffs' constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

6. As to any claims sounding in state law, the State Defendants are immune from liability under the State Tort Claims Act, 10 Del. C. §4001 *et seq.*

7. To the extent the Plaintiffs seek to hold State Defendants liable based on supervisory responsibilities, the Doctrine of Respondeat Superior or vicarious

liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

8. Decedent failed to exhaust his administrative remedies, including but not limited to, remedies pursuant to 42 *U.S.C.* § 1997a(e).

9. State Defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

10. The Plaintiffs' claims are barred by the Decedent's contributory negligence.

11. To the extent Plaintiffs' claims sound in negligence, Plaintiff cannot state a cause of action under 42 *U.S.C.* § 1983.

12. Plaintiffs fail to state a claim against State Defendants for violation of the Eighth Amendment.

13. Plaintiffs fail to state a claim against State Defendants for failure to train and maintenance of wrongful customs, practices and policies.

14. Plaintiffs fail to state a claim against State Defendants for wrongful death.

15. Decedent's injuries and/or death were caused, in whole or in part, and/or exacerbated by a pre-existing condition which existed prior to the date of any alleged wrongful conduct by the State Defendants.

16. Decedent's death, injuries and/or damages, if any, resulted from an intervening and superseding cause.

17. Decedent's own conduct proximately caused and/or exacerbated his injuries, if any, and death.

18. Insufficiency of service of process.

19. Insufficiency of process.

20. Lack of jurisdiction over the person and subject matter.

WHEREFORE, State Defendants respectfully request the Court grant judgment in their favor and against the Plaintiffs in all respects, and enter an Order (i) dismissing the Complaint in its entirety as to the State Defendants; (ii) awarding State Defendants their fees and costs; and (iii) granting such other and further relief as is just and proper.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Stephani J. Ballard (#3481)
Erika Y. Tross (#4506)
Deputy Attorneys General
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
    Attorneys for State Defendants
    Stanley Taylor, Raphael Williams and
    Delaware Department of Correction

Dated: August 17, 2007

**CERTIFICATE OF MAILING AND/OR DELIVERY**

I hereby certify that on August 17, 2007, I electronically filed ***State Defendants Stanley Taylor, Raphael Williams and State of Delaware Department of Correction's Answer to the Complaint [Re: D.I. 1]*** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following: Herbert G. Feuerhake, Esq.

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400