# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JANET PORTER, KERRY PAXON, )
as next friend of KP, CHRISTOPHER )
PORTER, ERIC PORTER, and )
LEE GOLDSTEIN, Administrator of the )
ESTATE OF ROBERT GLENN PORTER, )
 )
    Plaintiff, )
 )  C.A. No. 07-172-SLR
   v. )
 )
STANLEY TAYLOR, FIRST, )
CORRECTIONAL MEDICAL, )  Jury Trial Requested
CERTAIN UNKNOWN INDIVIDUAL )
EMPLOYEES OF THE STATE OF )
DELAWARE DEPARTMENT OF )
CORRECTION, RAPHAEL WILLIAMS, )
CERTAIN UNKNOWN INDIVIDUAL )
EMPLOYEES OF FIRST )
CORRECTIONAL MEDICAL CTR., and )
STATE OF DELAWARE DEPARTMENT )
OF CORRECTION, )
 )
    Defendants. )

## STATE DEFENDANTS STANLEY TAYLOR, RAPHAEL WILLIAMS AND STATE OF DELAWARE DEPARTMENT OF CORRECTION'S OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**


*/s/ Erika Y. Tross*
Stephani J. Ballard (#3481)
Erika Y. Tross (#4506)
Deputy Attorneys General
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
  Attorneys for the State Defendants

Dated:  August 1, 2008

# TABLE OF CONTENTS

Table of Citations ……………………………………………………............    ii

Nature and Stage of the Proceedings ………………………………………    1

Summary of the Argument ………………………………………………    3

Statement of the Facts ……………………………………………………...    5

Argument ………………………………………………………………..    6

    I.    Dismissal Of This Case Is Appropriate Where The Plaintiffs Have Failed To Participate In The Discovery Process In Violation Of Federal Rule Of Civil Procedure 37. …………………………………    7

    II.    All Claims Against Stanley Taylor Should Be Dismissed Because Plaintiffs Never Served Taylor In Accordance With The Federal Rules. ……………………………………………………………    11

    III.    State Defendants Are Immune From Liability In Their Official Capacities Pursuant To The Eleventh Amendment. …………………    12

    IV.    This Court Should Grant Summary Judgment To The State Defendants As To All Claims In Count I Of The Complaint Because The State Defendants Had No Personal Involvement In The Alleged Deprivation Of The Decedent's Rights. ……………………………    14

    V.    The Plaintiffs Cannot Demonstrate That The State Defendants Should Be Held Liable Under Count III Of The Complaint Where The Plaintiffs Have Failed To Specify An HRYCI Policy That Posed An Unreasonable Risk Of Harm To The Decedent Nor Have They Identified An Alternative Policy That Could Have Prevented The Harm That Allegedly Occurred. ……………………………………    15

    VI.    Summary Judgment Is Appropriate As To Plaintiffs' State Wrongful Death Claim In Count IV Of The Complaint Because The State Defendants Are Immune From Liability Under The State Tort Claims Act. ……………………………………………………………    18

    VII.    State Defendants Are Immune From Liability For All Claims In Their Individual Capacities Pursuant To The Doctrine Of Qualified Immunity Because There Is No Evidence That They Violated The Decedent's Clearly Established Constitutional Rights. ………………    19

Conclusion …………………………………………………………………    21

i

<u>**TABLE OF CITATIONS**</u>

<u>**Cases**</u>

*Anderson v. Creighton,*
 483 U.S. 635 (1987) …………………………………........... 19-20

*Anderson v. Liberty Lobby, Inc.,*
 477 U.S. 242 (1986) …………………………………........... 6

*Beers Capitol v. Whetzel,*
 256 F.3d 120 (3d Cir. 2001) …………………………………... 18

*Brookins v. Williams,*
 402 F.Supp.2d 508 (D. Del. 2005) …………………………………. 14

*Carter v. Exxon Company USA,*
 177 F.3d 197 (3d Cir. 1999) …………………………………........... 6

*Edelman v. Jordan,*
 415 U.S. 651 (1974) …………………………………………... 12-13

*Freedman v. City of Allentown,*
 853 F.2d 1111 (3d Cir. 1988) …………………………………. 17

*Gay v. Petsock,*
 917 F.2d 768 (3d Cir. 1990) …………………………………........... 14

*Hafer v. Melo,*
 502 U.S. 21 (1991) …………………………………………. 13

*Harlow v. Fitzgerald,*
 457 U.S. 800 (1982) …………………………………………........... 19

*Hicks v. Feeney,*
 124 F.R.D. 79 (D. Del. 1987) …………………………………. 8

*Kumho Tire Co. v. Carmichael,*
 526 U.S. 137 (1999) …………………………………………... 17

*Mindek v. Rigatti,*
 964 F.2d 1369 (3d Cir. 1992) …………………………………. 8

*Pennsylvania v. Porter,*
 659 F.2d 306 (3d Cir. 1981) …………………………………........... 14

ii

*Poulis v. State Farm Fire and Casualty Co.*,
    747 F.2d 863 (3d Cir. 1984) ……………………………………………...    8

*Rode v. Dellarciprete*,
    845 F.2d 1195 (3d Cir. 1988) ………………………………..............    14-15

*Saucier v. Katz*,
    533 U.S. 194 (2001) ……………………………………………...........    19-20

*Sample v. Diecks*,
    885 F.2d 1099 (3d Cir. 1989) …………………………………………….    15-16

*Scott v. Harris*,
    -- U.S. --, 127 S.Ct. 1769 (2007) …………………………………………    6, 20

*Seminole Tribe of Florida v. Florida*,
    517 U.S. 44 (1996) ………………………………………………….    13

*Vick v. Haller*,
    512 A.2d 249 (1986) ……………………………………………………..    19

*Will v. Michigan Dept. of State Police*,
    491 U.S. 58, 71 (1989) …………………………………………………...    13

*Woloszyn v. County of Lawrence*,
    396 F.3d 314 (3d Cir. 2005) ……………………………………………...    16-17

**Statutes, Rules and Other Authority**
10 *Del. C.* § 4001 ……………………………………………………………...    18-19

42 *U.S.C.* § 1983 ……………………………………………………………    *passim*

District of Delaware Local Rule 16.1 ………………………………………    9

Federal Rule of Civil Procedure 4(m) ………………………………………    11

Federal Rule of Civil Procedure 37(b)(2)(C) ………………………………    7-8

Federal Rule of Civil Procedure 37(d) ……………………………………...    7

Federal Rule of Civil Procedure 56(c) ……………………………………...    6

Federal Rule of Evidence 702 ………………………………………………    17

U.S. Constitution, Eleventh Amendment ……………………………………...    12

## NATURE AND STAGE OF THE PROCEEDINGS

On March 23, 2007, Plaintiffs Janet Porter, Kerry Paxon, Christopher Porter, Eric Porter and Lee Goldstein (the "Plaintiffs") filed a Complaint asserting that Stanley Taylor, Raphael Williams, and the State of Delaware Department of Correction (the "State Defendants") along with certain unknown individuals and First Correctional Medical, violated certain rights of the decedent Robert Glenn Porter (the "Decedent"). (D.I. 1). State Defendant Williams was served with a summons and the Complaint on July 13, 2007. (D.I. 6). In addition State Defendant Delaware Department of Correction ("DOC") was served on July 13, 2007. (D.I. 3). It appears from the record, however, that State Defendant Taylor was never served. (D.I. 8). State Defendants answered the Complaint on August 17, 2007. (D.I. 12).

Following the pleadings, on September 18, 2007, the Court entered an order setting a Scheduling Teleconference for October 10, 2007. (D.I. 13). In accordance with the Local Rules for the District Court of Delaware (the "Local Rules") the parties were to confer and propose to the Court a draft scheduling order prior to the Scheduling Teleconference. D. DEL. L.R. 16.1. State Defendants attempted to reach Plaintiffs' counsel to confer, but never heard back from him. (Exhibit A). As a result, State Defendants drafted their own proposed scheduling order and filed it with the Court on October 9, 2007. (D.I. 14).

On October 10, 2007, counsel for the State Defendants called the Court for the Scheduling Teleconference. Plaintiffs' counsel never appeared for the teleconference. After learning that Plaintiffs' counsel was not on the call, the Court, that same day, entered the State Defendants' proposed discovery plan as the Scheduling Order for the case. (D.I. 15).

In accordance with the Federal Rules of Civil Procedure (the "Federal Rules"), on October 16, 2007, State Defendants submitted Initial Disclosures to the Plaintiff. (D.I. 16).

Plaintiffs, however, never served initial disclosures on the State Defendants. On January 15, 2008, State Defendants served on Plaintiffs' counsel their Combined First Set of Interrogatories and Requests for Production of Documents. (D.I. 18). Plaintiffs did not respond within 30 days and counsel for the State Defendants wrote Plaintiffs' counsel on May 12, 2008 requesting responses to discovery. (Exhibit B). To date, the Plaintiffs have not responded to the Discovery Requests. Moreover, the Plaintiffs never issued discovery to the State Defendants.

Discovery ended on May 12, 2008. (D.I. 15). Under the terms of the Scheduling Order case dispositive motions are due by August 1, 2008. This is State Defendants' Opening Brief in Support of Their Motion for Summary Judgment.

## SUMMARY OF THE ARGUMENT

1.      Plaintiffs have refused to participate in discovery.  Moreover, Plaintiffs have hindered State Defendants' attempts to obtain discovery by failing to respond to discovery requests.  Therefore, Plaintiffs have frustrated the purposes of discovery and the sanction of dismissal is appropriate pursuant to Federal Rule 37(d).

2.      The Federal Rules require a plaintiff to serve a defendant within 120 days after the complaint is filed.  In this case the Plaintiffs never served State Defendant Taylor with the Complaint.  Therefore dismissal is required under Federal Rule 4(m).

3.      State Defendants are not considered "persons" for purposes of 42 U.S.C. § 1983. As a result, the Eleventh Amendment, in conjunction with the State of Delaware's sovereign immunity, protects the State Defendants from liability for the Plaintiffs' claims.  Therefore this Court lacks jurisdiction over the State Defendants in their official capacities and the Plaintiffs cannot maintain their claims against the State Defendants in their official capacities.

4.      Plaintiffs' claims in Count I of the Complaint cannot survive summary judgment where Plaintiffs have failed to show that the State Defendants had any personal involvement in the alleged deprivation of the Decedent's constitutional rights.

5.      Summary judgment is appropriate as to Count III of the Complaint because Plaintiffs have failed to specify an HRYCI policy that posed an unreasonable risk of harm to the Decedent.  Moreover, Plaintiffs have not offered an alternative policy, in their Complaint or through discovery, that could have prevented the Decedent's suicide.

6.      Plaintiffs cannot maintain a state wrongful death action against the State Defendants where the State Defendants are immune from liability under the State Tort Claims Act.  Therefore, summary judgment is appropriate as to Count IV of the Complaint.

7.     State Defendants Taylor and Williams properly performed their duties without violating the Decedent's clearly established constitutional rights.  Therefore State Defendants Taylor and Williams are protected from liability in their individual capacities for the Plaintiffs' claims by the doctrine of qualified immunity.

## <u>STATEMENT OF THE FACTS</u>

Robert Glenn Porter (the "Decedent") was an inmate within the custody of the Delaware Department of Correction. On March 24, 2005, the Decedent was found hanging in his cell at the Howard R. Young Correctional Institution ("HRYCI") where he was housed. The Decedent was rushed from his cell and transported to the St. Francis Hospital where he later died from his injuries. Plaintiffs concede that the Decedent's death was a suicide and that the Decedent had hanged himself. (Complaint at ¶ 19).

At the time of the Decedent's suicide, Stanley Taylor was the Commissioner of Correction for the State of Delaware and Raphael Williams was the Warden of the HRYCI.

## **ARGUMENT**

Federal Rule 56(c) permits a Court to grant summary judgment, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). To obtain summary judgment the moving party must demonstrate that he has met the standards of Rule 56(c). *Carter v. Exxon Company USA*, 177 F.3d 197, 202 (3d Cir. 1999). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, only disputes that affect the outcome of a lawsuit properly preclude the grant of summary judgment. *Id.*

"At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. In deciding a motion for summary judgment, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Id.* at 252. Further, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, -- U.S. --, 127 S.Ct. 1769, 1776 (2007).

The record in this case clearly demonstrates that the Court should grant summary judgment in favor of the State Defendants on all claims. First, dismissal is appropriate because Plaintiffs have frustrated the discovery process by failing to participate in discovery in violation of Federal Rule 37. Second, dismissal is required as to State Defendant Taylor because Plaintiffs

6

never served him with the Complaint.  Third, State Defendants are immune from liability, in their official and individual capacities, for all claims.  Fourth, summary judgment is appropriate as to Count I of the Complaint because the record reflects that the State Defendants had no personal involvement in the alleged violation of the Decedent's constitutional rights.  Fifth, Plaintiffs cannot survive summary judgment on Count III of the Complaint because they have failed to set forth a specific HRYCI policy that posed an unreasonable risk of harm to the Decedent or to identify an alternative policy that could have prevented the suicide.  Finally, the State Defendants are immune from liability for Count IV of the Complaint under the State Tort Claims Act.

In light of the law and the undisputed facts of this case, summary judgment should be granted in favor of the State Defendants and against the Plaintiffs on all counts.

**I.    Dismissal Of This Case Is Appropriate Where The Plaintiffs Have Failed To Participate In The Discovery Process In Violation Of Federal Rule Of Civil Procedure 37.**

In this case the record reveals that the Plaintiffs have failed to participate in the discovery process.  Therefore the Court should dismiss the entire matter pursuant to Federal Rule 37.

Federal Rule 37(d) provides that a Court may dismiss an action where a party refuses to cooperate in discovery.  Specifically the rule states, "If a party … fails … (2) to serve answers or objections to interrogatories submitted under Rule 33, … or (3) to serve a written response to a request for inspection submitted under Rule 34, …," then the Court may, "make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule."  FED. R. CIV. P. 37(d). Subparagraph (C) of subdivision (b)(2) states that a court may issue an order "dismissing the

action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." FED. R. CIV. P. 37(b)(2)(C).

The Advisory Committee Notes to the 1970 Amendment to Federal Rule 37(d) explain that the rule is used "generally for sanctions against parties or persons unjustifiably resisting discovery." FED. R. CIV. P. 37 advisory committee's note (1970). Moreover this Court has held that Rule 37(d) "does not require violation of a Court order before sanctions may be imposed." *Hicks v. Feeney*, 124 F.R.D. 79, 81 (D. Del. 1987).

Dismissal is an extreme sanction. But, the courts have not hesitated to dismiss a case where "a plaintiff has frustrated the purposes of discovery." *Hicks*, 124 F.R.D. at 81. In deciding whether to dismiss a case for failure to participate in discovery the Third Circuit holds that a district court should consider, "the propriety of punitive dismissals in light of the factors outlined in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984)." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). The six *Poulis* factors that a court should consider in deciding whether to dismiss a case are: (a) the extent of the party's personal responsibility; (b) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (c) a history of dilatoriness; (d) whether the conduct of the party was willful or in bad faith; (e) the effectiveness of alternative sanctions; and (f) the meritoriousness of the claim. *Hicks*, 124 F.R.D. at 82 (citing *Poulis*, 747 F.2d at 868). Although the district court should consider all of the factors, "not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373. Applying the *Poulis* factors to this case reveals that dismissal is appropriate as the Plaintiffs have blatantly and unjustifiably frustrated the purposes of discovery.

On March 23, 2007, Plaintiffs filed their Complaint. (D.I. 1). Four months later State Defendants Williams and DOC were served with a summons and the Complaint. (D.I. 3 and 6). State Defendant Taylor was never served. Following service the Court scheduled a Scheduling Teleconference for October 10, 2007. (D.I. 13). In accordance with the Local Rules the parties were to confer and propose to the Court a draft scheduling order. D. DEL. L.R. 16.1. State Defendants attempted to contact Plaintiffs' counsel in an effort to meet and confer but never heard from him. (Exhibit A). As a result, State Defendants drafted their own proposed order and submitted it to counsel for his comment. (*Id.*). State Defendants, however, never heard from Plaintiffs' counsel and on October 9, 2007, submitted their own proposed discovery plan to the Court. (D.I. 14).

On October 10, 2007, the Court held the Scheduling Teleconference. Counsel for the Plaintiffs failed to appear. As a result, the Court signed the proposed discovery plan of the State Defendants that same day and entered it as the Scheduling Order in the matter. (D.I. 15).

In accordance with the Federal Rules, the State Defendants submitted Initial Disclosures to the Plaintiff on October 16, 2007. (D.I. 16). Plaintiffs, however, never submitted initial disclosures to the State Defendants.

After discovery began, on January 15, 2008, State Defendants served upon Plaintiffs' counsel their Combined First Set of Interrogatories and Requests for Production of Documents (the "Discovery Requests"). (D.I. 18). Plaintiffs did not respond to the Discovery Requests within the 30 day period. As such, on May 12, 2008, State Defendants sent to counsel for the Plaintiffs via hand delivery a letter requesting a response to the Discovery Requests. (Exhibit B). To date the Plaintiffs have never responded to the Discovery Requests. In addition, Plaintiffs have never submitted any discovery of their own.

It is clear that the *Poulis* factors weigh in favor of dismissing this case.  First, the Plaintiffs are solely responsible for the failed discovery.  The State Defendants have attempted to confer with Plaintiffs' counsel and have served discovery.  It is the Plaintiffs that have refused to participate.  Thus the first factor is met.

Second, the Plaintiffs' absolute failure to participate in discovery has caused great prejudice to the State Defendants.  The State Defendants have been unable to learn all facts and circumstances related to Plaintiffs' allegations so that they may properly defend the matter.  Moreover, Plaintiffs have refused to answer discovery requests regarding the history of the Decedent's mental health issues or the nature of the Plaintiffs' relationships with the Decedent.  Because the State Defendants have suffered great prejudice, the second *Poulis* factor is satisfied.

Third, Plaintiffs have exhibited a history of dilatoriness.  Plaintiffs failed to participate in the development of a discovery plan.  Moreover, Plaintiffs have violated the Federal Rules, Local Rules and the orders of this Court by failing to appear for the Court's Scheduling Teleconference and refusing to participate in discovery.  Thus the third *Poulis* factor is met.

The Plaintiffs' conduct is clearly willful.  Plaintiffs' counsel received notice of the Scheduling Teleconference yet refused to meet and confer with counsel for the State Defendants or appear for the teleconference.  Moreover, Plaintiffs have failed, to date, to respond to discovery or issue a single discovery request.  Plaintiffs have been aware of the State Defendants' attempts to conduct discovery, yet have willfully ignored such attempts.  All of these actions have been taken without the offer of a single excuse or explanation.  Clearly the fourth *Poulis* factor – Plaintiffs' willful frustration of discovery – is satisfied.

No other sanction, except dismissal, is appropriate.  Over a year has passed since the Plaintiffs initiated this action.  Both State Defendant Taylor and State Defendant Williams have

retired.  Further, State Defendant Williams has moved out of the State making discovery much more difficult to conduct.  In addition, memories have faded and it is possible that necessary witnesses are no longer available.  Where, as here, the Plaintiffs' blatant refusal to participate in discovery has caused difficulty in litigating the case, dismissal is the only appropriate remedy.

Finally, the remainder of this brief will demonstrate that the Plaintiffs' claims are not meritorious.  Plaintiffs have failed to show that the State Defendants violated the Decedent's constitutional rights or committed any action that makes them liable under section 1983.  As such, the final *Poulis* factor is also met.

Plaintiffs have failed to participate in the discovery planning conference or take any part in the discovery process.  Counsel for the Plaintiffs never served initial disclosures or responded to the State Defendants' Discovery Requests.  Moreover, the Plaintiffs never issued discovery of their own.  Clearly the Plaintiffs have frustrated the purposes of discovery and the *Poulis* factors weigh in favor of dismissal.  Therefore, the Court should dismiss the case in accordance with Federal Rule 37.

## II.    All Claims Against Stanley Taylor Should Be Dismissed Because Plaintiffs Never Served Taylor In Accordance With The Federal Rules.

To date Plaintiffs have failed to serve Stanley Taylor with a copy of the Complaint. Therefore dismissal of all claims against Taylor is required under Federal Rule 4(m).

Federal Rule 4(m) mandates that service of a summons and complaint be made upon a defendant within 120 days after the filing of the complaint.  FED. R. CIV. P. 4(m).  Where the plaintiff does not make service within 120 days, Rule 4(m) requires that the court, "upon motion or on its own initiative after notice to the plaintiff, … dismiss the action without prejudice as to that defendant …." *Id.*

11

On March 23, 2007, Plaintiffs filed their Complaint. (D.I. 1). A summons was then issued for Stanley Taylor on July 6, 2007. According to the docket, however, the summons was returned unexecuted as to Taylor on July 26, 2007. (D.I. 8). Thus the Plaintiffs failed to serve Taylor on July 26.

The record is void of any evidence that Plaintiffs ever served State Defendant Taylor within 120 days of filing the Complaint or at any other time. Therefore, in accordance with Federal Rule 4(m), this court is required to dismiss all claims against State Defendant Taylor for failure to serve the Complaint.

## III.    State Defendants Are Immune From Liability In Their Official Capacities Pursuant To The Eleventh Amendment.

Plaintiffs have filed suit against the DOC, as well as, State Defendants Taylor and Williams in their official capacities. Because the State Defendants are immune from liability in their official capacities, summary judgment is appropriate.

The Eleventh Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Although the Eleventh Amendment does not, by its explicit terms, bar suits against a State by its own citizens, the United States Supreme Court has held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Further, where a State is not a named party in an action a suit may still be barred by the Eleventh Amendment where "'the action is in essence one for the recovery of money from the state,'" because "'the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from

suit even though individual officials are nominal defendants.'" *Id.* (quoting *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464 (1945)).

The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 64 (1996). The United States Congress, however, can waive a state's sovereign immunity, and therefore, its Eleventh Amendment immunity, through the Fourteenth Amendment. *Id.* But, only a clear indication of Congress's intent to waive a state's immunity will produce this result. *Id.*

Title 42, section 1983 of the United States Code – the section under which the Plaintiffs have filed suit – does not display a clear intent by Congress to waive a state's sovereign immunity. In fact, Congress's intent appears to be to the contrary as the statute facially allows suits only to be brought against persons. 42 *U.S.C.* § 1983. The State of Delaware and its agencies, like the DOC, are not considered "persons" as contemplated by 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Therefore, the Eleventh Amendment and the state's sovereign immunity protect the State of Delaware and the DOC from liability for claims brought by an individual filing a lawsuit pursuant to § 1983. *See, id.*

A suit against a state official in his official capacity is treated as a suit against the State. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus an immunity that is available to the State is also available to a state official in his official capacity. *Id.* Under federal law, State Defendants in their official capacities, like the State of Delaware, are not "persons" for the purposes of 42 U.S.C. § 1983. *Will*, 491 U.S. at 71. Because the State Defendants are not "persons" for purposes of § 1983, the Eleventh Amendment and the State of Delaware's sovereign immunity protect the State Defendants from liability. As a result, this Court lacks jurisdiction over the

13

State Defendants in their official capacities, and the State Defendants are outside the class of persons subject to liability under § 1983. Therefore the Plaintiffs cannot maintain their claims against the State Defendants in their official capacities and summary judgment is appropriate.

**IV.    This Court Should Grant Summary Judgment To The State Defendants As To All Claims In Count I Of The Complaint Because The State Defendants Had No Personal Involvement In The Alleged Deprivation Of The Decedent's Rights.**

In Count I of the Complaint Plaintiffs assert that the State Defendants should be held liable for violating the Decedent's right to be free from cruel and unusual punishment. Where, as here, the Plaintiffs have no evidence that the State Defendants were personally involved in the alleged deprivation of the Decedent's rights, summary judgment is proper.

To support a claim for a civil rights violation under § 1983 a plaintiff must show that the accused defendant had personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A plaintiff must prove that the official "played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct." *Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981) (Garth, J. concurring in part, dissenting in part). In addition, this Court has held that, "Grievances are not enough to impute knowledge to [a] defendant." *Brookins v. Williams*, 402 F.Supp.2d 508, 512 (D. Del. 2005) (quoting *Rode*, 845 F.2d at 1208). Rather, to establish liability, a plaintiff must prove that a defendant personally directed, had actual knowledge of, or acquiesced in the alleged deprivation of his constitutional rights. *Rode*, 845 F.2d at 1207. Without such proof the defendant cannot be held liable. *See Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990).

In a § 1983 action a supervisory official cannot be held liable solely under the theory of respondeat superior. *Rode*, 845 F.2d at 1207. Rather, to establish supervisory responsibility a

14

plaintiff must show that the defendant was the moving force behind the alleged constitutional violation.  *Sample v. Diecks*, 885 F.2d 1099, 1116-17 (3d Cir. 1989).  "[A] 'person' is not the 'moving force [behind] the constitutional violation' of a subordinate, unless that 'person' … has exhibited deliberate indifference to the plight of the person deprived."  *Id.* at 1118.

The record lacks any evidence that the State Defendants personally directed or had actual knowledge of the Decedent's alleged prior attempts at suicide or his prior mental health history. Moreover, even if Plaintiffs can show that the Decedent filed grievances or wrote letters to the State Defendants, such grievances and letters are not sufficient to establish that the State Defendants are liable for the alleged violation of the Decedent's rights.  Given that there is no evidence to support the Plaintiffs' claim that the State Defendants had personal involvement in the alleged deprivation of the Decedent's rights, the Plaintiffs cannot support a claim against the State Defendants for the alleged violation of the Decedent's right to be free from cruel and unusual punishment.  Therefore the Court should award summary judgment to the State Defendants on Count I of the Complaint.

**V.    The Plaintiffs Cannot Demonstrate That The State Defendants Should Be Held Liable Under Count III Of The Complaint Where The Plaintiffs Have Failed To Specify An HRYCI Policy That Posed An Unreasonable Risk Of Harm To The Decedent Nor Have They Identified An Alternative Policy That Could Have Prevented The Harm That Allegedly Occurred.**

Count III of the Complaint[1] asserts that the State Defendants violated the Decedent's rights by failing to "properly train and supervise DOC personnel so as to properly recognize suicidal inmates and how to properly care for such inmates…."  (Complaint at ¶ 31).  Count III further states that the State Defendants failed to "institute appropriate procedures for the timely

---

[1] Neither Count II nor Count V makes any claims or allegations against the State Defendants. (*See* Complaint at ¶ 25-29, 37-39).

transmission of important medical information to appropriate personnel, and/or fail[ed] to properly respond to the threat of Robert Glenn Porter's suicide risk." (*Id.*). Because Plaintiffs have failed to meet their burden with respect to a failure to train claim, this Court should grant summary judgment as to Count III.

The Plaintiffs' burden in asserting a failure to train claim is articulated by the Third Circuit in *Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989). In *Sample*, the Court held that for liability to attach to a government policymaker, a plaintiff must identify specific training (or policies) which defendants failed to employ that could reasonably be expected to prevent the harm that allegedly occurred. Further, a plaintiff must demonstrate that: 1) the existing custom and practice without the [plaintiff-identified] specific alternative practice created an unreasonable risk of harm; 2) the policymaker was aware of the unreasonable risk; 3) the policymaker was indifferent to the unreasonable risk, and 4) constitutionally significant harm resulted from the deficient policy or practice. *Sample*, 885 F.2d at 1118 (*citing City of Canton v. Harris*, 489 U.S. 378 (1989)).

Plaintiffs' Complaint fails to allege a specific HRYCI policy that caused an unreasonable risk of harm to the Decedent. Moreover, the Plaintiffs have not identified, in either the Complaint or discovery, "[other] specific training not provided that could reasonably be expected to prevent the [harm] that occurred." *Woloszyn v. County of Lawrence,* 396 F.3d 314, 325 (3d Cir. 2005). Therefore the Plaintiffs have not satisfied the first factor of the Third Circuit test.

Moreover, the test outlined in *Sample* and *Woloszyn*, upon which the Plaintiffs must make a prima facie case, involves penalogical issues beyond the scope of the lay juror. Lay jurors are not equipped to determine what specific training or policy is adequate for correctional officers to identify inmates with a history of suicide or who present a suicide risk; how existing

16

policies or practices were allegedly deficient; or the risk reduction associated with one type of training versus another. *Woloszyn*, 396 F.3d at 325. All of these questions require an expert opinion as to the propriety of existing or alternative training and/or policies, and the obviousness of the risk of any given policy or practice to the policymakers. *See* FED. R. EVID. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148-49 (1999). Plaintiffs did not identify any expert witnesses on their behalf. Therefore they cannot address any of the issues required to establish liability for a failure to train claim, either on summary judgment or at trial.[2]

Notably, in *Woloszyn*, the plaintiff did produce an expert's report and affidavit in the record, but the Court granted summary judgment nonetheless, finding the expert's submission to be deficient, as his findings were broad and conclusory and did not identify the specific type of training which allegedly should have been provided. *See also Freedman v. City of Allentown*, 853 F.2d 1111, 1117 (3d Cir. 1988) (mere conclusory allegations of failure to train are insufficient to maintain a constitutional claim). Certainly, the Third Circuit would also find that where, as here, the Plaintiffs have failed to offer <u>any</u> expert opinion as to deficiencies in HRYCI's training/policies, or any evidence suggesting a specific type of training or policy which was allegedly absent, the Plaintiffs cannot meet their burden of proving deliberate indifference for failure to train.

In addition to being unable to satisfy the legal test, Plaintiffs' case also suffers the fatal defect of producing no factual evidence linking State Defendants Taylor or Williams to any HRYCI training/policies that did exist. There is certainly no evidence that either State

---

[2] Plaintiffs' deadline to provide expert discovery, according to the Scheduling Order, was April 11, 2008. (D.I. 15). Plaintiffs never named an expert nor provided any expert discovery as required by F.R.C.P 26(a)(2)(B). Plaintiffs' failure to provide required discovery bars their use of such information at trial or in a motion. F.R.C.P. 37(c)(1).

Defendant was on notice of other training which would have avoided the alleged harm, nor any evidence remotely suggesting that, in implementing policies or procedures, State Defendants Taylor or Williams exhibited a "deliberate indifference" to whether the Decedent was in danger of committing suicide. *Woloszyn*, 396 F.3d at 325.

Finally, to establish a supervisory liability claim for deficient policies or training, a plaintiff must show that the defendant officials failed to respond "in the face of an awareness of a pattern of such injuries." *Beers Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001) (citing *Sample*, 885 F.2d at 1118). There is no evidence in this case that the State Defendants were aware of a pattern of suicide by the Decedent which might have put them on notice of a potential problem with HRYCI's training or practices.

Given the record of this case, Plaintiffs' failure to establish the necessary elements for a failure to train claim, and Plaintiffs' failure to offer any expert testimony that would establish such elements, the Court should grant summary judgment as to the failure to train claim in Count III of the Complaint.

**VI. Summary Judgment Is Appropriate As To Plaintiffs' State Wrongful Death Claim In Count IV Of The Complaint Because The State Defendants Are Immune From Liability Under The State Tort Claims Act.**

In Count IV of the Complaint Plaintiffs assert they are entitled to damages for the "wrongful actions of the defendants [that] caused the wrongful death of" the Decedent. (Complaint at ¶ 35). Plaintiffs allege they are entitled to recover for wrongful death pursuant to the terms of Delaware statutory law. (*Id.* at ¶ 36). State Defendants contend, however, that they are immune from such a state tort claim under the State Tort Claims Act.

The State Tort Claims Act immunizes state defendants from liability for actions that (1) "arose out of and in connection with the performance of an official duty ... involving the exercise

of discretion;" (2) "[were] done in good faith and in the belief that the public interest would best be served thereby;" and (3) "[were] done without gross or wanton negligence." 10 *Del. C.* § 4001. In an action against a state defendant, the plaintiff "shall have the burden of proving the absence of 1 or more of the elements of immunity…." *Id.*

In this case the State Defendants have satisfied the requirements for immunity. All State Defendants performed their duties in good faith without gross or wanton negligence. Plaintiffs cannot prove the absence of one of the elements for immunity and the State Defendants are entitled to protection from liability for the Plaintiffs' claims of wrongful death in Count IV.

**VII.    State Defendants Are Immune From Liability For All Claims In Their Individual Capacities Pursuant To The Doctrine Of Qualified Immunity Because There Is No Evidence That They Violated The Decedent's Clearly Established Constitutional Rights.**

State Defendants Taylor and Williams are immune from liability for all of Plaintiffs' claims in their individual capacities by the doctrine of qualified immunity. The doctrine of qualified immunity holds that government officials performing discretionary functions are immune from liability for damages, provided that their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A right is clearly established when, "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Further, state officials are entitled to qualified immunity where they acted in good faith, without gross or wanton negligence, in the performance of discretionary duties. *Vick v. Haller*, 512 A.2d 249 (1986) (*aff'd in part and rev'd in part on procedural grounds*).

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S.

19

511, 526 (1985)).  Thus a determination by the district court of whether qualified immunity applies should be made at the earliest possible stage "so that the costs and expenses of trial are avoided where the defense is dispositive."  *Id.* at 200-01.

In deciding a question of qualified immunity a district court is required to consider an initial inquiry:  "Taken in the light most favorable to the party asserting the injury do the facts alleged show the officer's conduct violated a constitutional right?"  *Id.* at 201.  "If and only if, the court finds a violation of a constitutional right, 'the next, sequential step is to ask whether the right was clearly established … in light of the specific context of the case.'"  *Scott*, -- U.S. --, 127 S.Ct. at 1774.  In other words, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Creighton*, 483 U.S. at 640.

In this case, nothing in the record establishes that State Defendants Taylor and Williams violated a clearly established right of the Decedent.  Therefore qualified immunity applies and State Defendants Taylor and Williams are protected from liability for all claims.

## <u>CONCLUSION</u>

Plaintiffs have absolutely failed to present any evidence to support their claims against the State Defendants.  Plaintiffs have blatantly refused to participate in the discovery process.  As a result the Plaintiffs should be precluded from further litigating this matter.  Moreover, the record is void of any evidence that the State Defendants violated the Decedent's constitutional rights.   Therefore the Plaintiffs cannot maintain claims against the State Defendants under section 1983.  Finally, it is clear that the State Defendants are immune from liability for all claims in their official and individual capacities.   As such, this Court should award the State Defendants summary judgment as to all claims.

## <u>CERTIFICATE OF SERVICE</u>

I, Erika Y. Tross, Esq., hereby certify that on August 1, 2008, I caused a true and correct copy of the attached *State Defendants Stanley Taylor, Raphael Williams and State of Delaware Department of Correction's Opening Brief in Support of Their Motion for Summary Judgment* to be served on the following individual in the form and manner indicated:

**VIA ELECTRONIC DELIVERY
& FIRST CLASS MAIL:**

Herbert G. Feuerhake, Esquire
Law Office of Herbert G. Feuerhake
521 West Street
Wilmington, DE 19801

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

# EXHIBIT A

## Tross Erika (DOJ)

| | |
|---|---|
| **From:** | Tross Erika (DOJ) |
| **Sent:** | Friday, October 05, 2007 5:20 PM |
| **To:** | 'herblaw@verizonmail.com' |
| **Cc:** | Ballard Stephani (DOJ) |
| **Subject:** | Porter, et al. v. Taylor, et al. - Proposed scheduling order |
| **Importance:** | High |

Mr. Feuerhake:

Neither Stephani nor I have heard from you regarding the 26(f) conference in the above-captioned matter. Further we have not received plaintiff's proposed scheduling order. Thus, in order to comply with the Court's September 18 order and Rule 26(f) we drafted a proposed scheduling order and are submitting it to you for review. Please review the order and let me know asap if you have any changes. The order must be on file with the court no later than 8:30 am on Tuesday, October 9. If I do not hear from you by 7:00 pm on Monday, October 8, I will file the order as is.

In addition please advise as to the number we should call for the court conference on Wednesday. Thank you - eyt

*Erika Y. Tross, Esq.*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
Tele: (302) 577-8400
Fax: (302) 577-5866
Erika.Tross@state.de.us

# EXHIBIT B



CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX (302) 577-6499
TTY (302) 577-5783

**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

**JOSEPH R. BIDEN, III**
ATTORNEY GENERAL

Civil Division - Wilmington

May 12, 2008

<u>Via Hand Delivery</u>

Herbert G. Feuerhake, Esquire
521 West Street
Wilmington, DE 19801

      Re:    **Janet Porter, et al. v. Stanley Taylor, et al.**
               **C.A. No. 07-172-SLR**

Dear Mr. Feuerhake:

On January 15, 2008, the State Defendants filed and served Interrogatories and a Request for Production of Documents directed to your client, Janet Porter, the plaintiff in the above-entitled matter. [D.I. 18]. To date, no response to the discovery has been received.

I have enclosed another set of the Interrogatories and Request for Production of Documents for your convenience. Please return your client's responses no later than the close of business on Friday, May 23, 2008.

Thank you for your cooperation in this matter.

Very truly yours,

Erika Y. Tross
Deputy Attorney General

EYT/bja

Enclosure