IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANET PORTER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-172-SLR |
| | ) | |
| STANLEY TAYLOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 26th day of February, 2009, having reviewed the motion for

summary judgment filed on behalf of defendants Stanley Taylor, Raphael Williams and

the State of Delaware Department of Correction ("DOC"); and plaintiffs having failed to

respond to said motion;[1]

IT IS ORDERED that said motion (D.I. 19) is granted, for the reasons that follow:

1. **Standard of review.** A court shall grant summary judgment only if "the

pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The

moving party bears the burden of proving that no genuine issue of material fact exists.

*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986).

When determining whether a genuine issue of material fact exists, the court must view

---

[1]Plaintiffs' response was due to be filed on or before November 17, 2008. (D.I.
24)

the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Federal Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted).

If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). To survive a motion for summary judgment, plaintiff cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

2. **Statement of facts.** At all time relevant hereto, Robert Glenn Porter ("the decedent") was an inmate within the custody of the DOC and housed at the Howard R.

Young Correction Institution ("HRYCI").  On March 24, 2005, he was found unconscious in his cell.  The decedent was rushed from his cell and transported to the St. Francis Hospital, where he later died from his injuries.  Plaintiffs concede that the decedent's death was a suicide and that the decedent had hanged himself.  (D.I. 1, ¶ 19)  Plaintiffs allege that, prior to March 24, 2005, decedent "had been acting erratically," "which erratic behavior and apparent impaired mental state had been reported to court personnel and, on information and belief, to Department of Correction personnel and on information and belief to personnel of [defendant First Correctional Medical].  (D.I. 1, ¶ 14)  Plaintiffs go on to allege that, given the erratic behavior, "each and every defendant knew or should have known that said decedent Robert Glenn Porter was a risk for suicide" and that defendants thereafter failed "to take adequate and necessary measures to prevent such a suicide."  (D.I. 1 at ¶¶ 15-16)

3. **Jurisdiction.**  The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

4. **Analysis.**  Plaintiffs have not participated in these proceedings since filing their complaint and completing service on some, but not all, of the named defendants. Plaintiffs did not participate in the court's scheduling conference, nor have they responded to any of the discovery requests propounded by defendants' counsel, nor have they responded to the instant motion.  With this in mind, the court shall review defendants' motion.

5. **Defendant Taylor** has never been served.  Consistent with Fed. R. Civ. P. 4(m), defendant Taylor is dismissed from the case.

6. The moving State defendants are not "persons" for purposes of 42 U.S.C. §
1983. Consequently, the court lacks jurisdiction over the moving defendants in their
official capacities pursuant to the Eleventh Amendment.

7. With respect to liability in their personal capacities vis a vis counts I and III of
the complaint, plaintiffs have failed to identify, either in their complaint or through
discovery responses or a response to the instant motion, the specific personal
involvement of each defendant or the specific policies that posed an unreasonable risk
of harm to decedent. The general allegations of the complaint are insufficient to pass
muster under a summary judgment analysis.

8. Likewise, with respect to count IV of the complaint, alleging wrongful death
under 10 Del. C. § 3724, the State defendants are immune from liability pursuant to the
State Tort Claims Act, 10 Del. C. § 4001.

IT IS FURTHER ORDERED that, on or before March 26, 2009, plaintiffs shall
show cause why the remaining defendants should not be dismissed for failure to
prosecute, pursuant to D. Del. LR 41.1. Failure to respond to this order shall result in
dismissal of the case.

_____
United States District Judge